UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANTONIO ESTRADA PRECIADO, a/k/a
Antonio Estrada,
            *Defendant-Appellant.*

No. 01-4239

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-174)

Submitted: May 29, 2002

Decided: June 17, 2002

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Charles H. Harp, II, Lexington, North Carolina for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Antonio Estrada Preciado pleaded guilty to conspiracy with intent to distribute cocaine and was sentenced to 120 months in prison. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Preciado has filed a pro se supplemental brief raising several issues. We affirm.

In accordance with *Anders*, we have reviewed the entire record in this case and find no error. First, there was no violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The indictment charged Preciado with a definite quantity of drugs (in excess of five kilograms of cocaine), Preciado conceded in his plea agreement and at his Fed. R. Crim. P. 11 hearing that he was responsible for this quantity of drugs, he admitted at the Rule 11 proceeding that he understood that the Government would have to prove beyond a reasonable doubt that he was responsible for in excess of five kilograms of cocaine, and the Government could easily have met its burden of proof at trial. Preciado therefore was subject to the statutory minimum of ten years, *see* 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2001), and neither his conviction nor his ten-year sentence violated *Apprendi*.

We further find that Preciado's plea was knowing and voluntary. Contrary to his assertion, he received a three-level reduction in his offense level for acceptance of responsibility, as contemplated by his plea agreement. Finally, because ineffective assistance of counsel does not conclusively appear on the face of the record, we decline to review this claim. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no reversible error. We therefore affirm. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's

motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*